IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
FEB 0 2 2009
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

| | |
|---|---|
| CARROLL E. WADE,<br>Petitioner, | )<br>) Civil Action No. 7:08-cv-00482<br>) |
| v. | ) MEMORANDUM OPINION<br>) |
| LARRY W. JARVIS,<br>Respondent. | ) By: Hon. James C. Turk<br>) Senior United States District Judge |

Carroll E. Wade, a Virginia prisoner proceeding pro se, filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Wade challenges his statutory burglary conviction from Amherst County Circuit Court for which he is presently incarcerated. Wade alleges that the evidence was insufficient to sustain a conviction for statutory burglary and that the Court of Appeals of Virginia subsequently erred by affirming his conviction, both in violation of due process. The respondent filed a motion to dismiss, and Wade responded with a motion for summary judgment, making the matter ripe for the court's disposition. After reviewing the record, the court grants the respondent's motion to dismiss and dismisses Wade's petition for a writ of habeas corpus.

I.

The Amherst County Circuit Court convicted Wade for statutory burglary[1] and grand larceny. The circuit court sentenced Wade on July 5, 2006, to serve twenty years in prison with fifteen years and three months suspended. Wade appealed to the Court of Appeals of Virginia,

---

[1] Wade was charged with violating Virginia Code § 18.2-91 [Entering dwelling house, etc., with intent to commit larceny, assault and battery or other felony ]. That section states:
    If any person commits any of the acts mentioned in § 18.2-90 [Entering dwelling house, etc., with intent to commit murder, rape, robbery or arson] with intent to commit larceny, or any felony other than murder, rape, robbery or arson . . ., he shall be guilty of statutory burglary. . . .
Virginia Code § 18.2-90's [Entering dwelling house, etc., with intent to commit murder, rape, robbery or arson] acts occur when "any person . . . in the daytime breaks and enters . . . a dwelling house. . . ."

which dismissed Wade's arguments in a per curiam opinion issued on December 29, 2006. A three-judge panel affirmed the per curiam opinion and summarily denied the appeal on June 21, 2007. The Supreme Court of Virginia likewise denied his subsequent appeal on November 16, 2007.

Wade filed a petition for a writ of habeas courpus with the Supreme Court of Virginia on April 14, 2008. Wade claimed that the trial evidence was insufficient to establish the requisite "breaking" needed for statutory burglary and that the Court of Appeals violated his constitutional rights by denying his appeal. The Supreme Court of Virginia dismissed the habeas petition on June 25, 2008, holding that his claims were procedurally defaulted under Slayton v. Parrigan, 215 Va. 27, 29, 205 S.E.2d 680, 682 (1974).

Wade filed his federal petition for a writ of habeas corpus on September 11, 2008, on the same grounds. Wade argues that the "Commonwealth's own evidence was that the outside bedroom basement door was open that morning and there is no evidence that Mr. Wade open[e]d that outside bedroom basement door, whereby the entrance was eff[]ected. . . . There was no evidence of the door being forced open or any windows or locks tampered with, nor, testimony proving any force was applied to any door." (Pet. 20.)

II.

A.

As an initial matter, Wade filed "a motion for an extension of time order to stop denial of access to institutional law library until the completion of case" on January 21, 2009. The respondent filed his motion to dismiss on October 7, 2008, and the court issued a Roseboro notice on the same day. Wade responded to the Roseboro notice on October 23, 2008, with a motion for summary judgment. The court received all the necessary pleadings from Wade on

2

October 23, 2008, to rule on the respondent's motion to dismiss and Wade's motion for summary judgment. Therefore, an extension of time is unnecessary. Furthermore, the motion requests an order to remain in effect until the completion of his case. As this memorandum opinion and order dismisses Wade's ripe petition, the motion is moot and is dismissed.[2]

B.

Federal courts grant habeas relief "only on the ground that [the petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A federal court may not grant habeas relief for claims adjudicated by state courts unless the adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law," or "resulted in a decision that was based on an unreasonable determination of the facts." 28 U.S.C. § 2254(d); see Williams v. Taylor, 529 U.S. 362, 376-77 (2000). An "adjudication on the merits" for § 2254(d) includes claims that were decided in state court, even in summary fashion. Thomas v. Taylor, 170 F.3d 466, 475 (4th Cir. 1999).

A state court determination of a factual issue is "presumed to be correct" and that presumption may be rebutted only "by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). Jackson v. Virginia, 443 U.S. 307 (1979), established a standard of review for a federal habeas court to decide whether sufficient evidence existed to support a state court conviction against a due process attack.[3] Jackson holds that a state court conviction will not be disturbed if the federal habeas court determines that "any rational trier of fact could have found the essential

---

[2] If Wade is seeking redress for a violation of a prisoner's constitutional right, that relief is properly brought in a separate action, pursuant to 42 U.S.C. § 1983, not in a habeas action, pursuant to 28 U.S.C. § 2254.

[3] The due process clause of the Fourteenth Amendment protects a state court defendant from conviction "except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." In re Winship, 397 U.S. 358, 364 (1970).

3

elements of the crime beyond a reasonable doubt" after viewing the evidence in the light most favorable to the prosecution. 443 U.S. at 318-19 (emphasis in original).

Wade appealed his conviction to the Court of Appeals of Virginia. The Court of Appeals held that the evidence was sufficient to convict Wade of statutory burglary after viewing the evidence in the light most favorable to the Commonwealth. The court reviewed the trial record, which the Court of Appeals of Virginia aptly summarized as follows:

> So viewed, the evidence proved that [Miss] Wright was sleeping late one morning in her sister's bedroom on the first floor of their home when she woke up and found [Wade] inside their home. When she woke up, [Wade] was standing in the bedroom with his back towards her looking down at her sister's radio. Wright asked [Wade] what he was doing. [Wade] claimed he was returning some "stuff" that "Chuckie" had taken from the Wrights' home. [Wade] was holding a bag full of sixty-five DVDs that belonged to Wright. Earlier that morning, those DVDs had been in Wright's mother's bedroom, which is on the second floor of the home. Wright told [Wade] to put down the bag of DVDs and leave. After [Wade] left, Wright noticed her radio was missing and noticed that the basement door was open although it is typically locked and shut.
>
> [Wade] told Wright he had entered her home through the basement door. This basement door does not open from the outside, and Wright did not know how [Wade] could have gotten in through that door. Wright explained that after entering the basement door, a person would have to open another door at the top of the stairs that has a lock on it in order to enter the bedroom where she was sleeping. Wright was unsure whether or not that door was locked on the day that [Wade] entered.
>
> In a statement to Deputy Jason Staton, [Wade] admitted being in the Wrights' residence, admitted that he never had permission to be in their home, and stated that he entered the home through the basement door. [Wade] claimed he entered the home to return DVDs that "Chuckie" had taken. When Staton searched [Wade], he found a small screwdriver and a "multi tool set," tools commonly used in burglaries, on [Wade]'s person.
>
> In a statement to Investigator Eric Elliott, [Wade] said he was returning the items that "Chuckie Gowens" had taken and that, although he did not have permission to enter, he entered the home through the basement door which he claimed was open. Although Elliott tried to locate Gowens several times at several different places, Elliott was never able to locate him.

4

At trial, [Wade] denied taking the DVDs from Wright's mother's bedroom but admitted that he did not have permission to enter the Wrights' home. [Wade] claimed that Gowens came to his apartment carrying a bag containing DVDs and asked if [Wade] wanted to buy them. [Wade] agreed and claimed that after he bought the DVDs he learned that Gowens had stolen them from the Wrights' home. [Wade] claimed that in order to make a "good impression," he decided to return the DVDs to the Wrights' home.

The fact finder believed the Commonwealth's evidence and rejected [Wade]'s evidence. . . . The fact finder rejected [Wade]'s testimony and the testimony of the one other defense witness offered to support [Wade]'s claims of innocence. The evidence proved that [Wade] committed a "breaking" when he entered the home without permission through the basement door. The fact finder could have rejected [Wade]'s claim that the basement door was open and could have reasonably inferred that [Wade] used force, no matter how slight, to open the basement door that is typically locked and shut but was found open after [Wade] gained entry into the Wrights' home. . . . Even if the basement door was open when [Wade] entered the home, he had to open the door, which is usually locked, at the top of the basement steps to get to the bedroom where Wright was sleeping. The Commonwealth's evidence was competent, was not inherently incredible, and was sufficient to prove beyond a reasonable doubt that [Wade] committed the charged offenses.

Wade v. Commonwealth, No. 1950-06-3, slip op. at 1-3 (Va.Ct. App. Dec. 29, 2006); see also Tr. Tran. (May 10, 2006) at 30-34, 37, 39-40, 42, 48, 57-60, 81-85, 95-96. The trial court, upon announcing the verdict after a bench trial, also stated:

> Now, of course, there is the defense to breaking and entering that there was no breaking, but Miss Wright. . . testified that the basement door was locked, that you can't get through it from the outside.
>
> And again we have this – this story by the defendant that the doors were all open. He wandered through these open doors into the house, which that doesn't make sense because people just don't walk into houses with stolen goods, particularly if he believed that the mother. . . did not like him, that he had some sort of bad character.

(Tr. Tran. at 96.) Wade does not present clear and convincing evidence that the trial court resolved any factual issue incorrectly.

After reviewing the trial transcript in the light most favorable to the Commonwealth, the

5

court finds that <u>any</u> rational trier of fact could have found the essential elements of statutory burglary beyond a reasonable doubt. "Breaking" for Virginia's statutory burglary offense only requires some application of force, however slight, that affects an entrance. <u>Davis v. Commonwealth</u>, 132 Va. 521, 523 (1922). "Merely pushing open a door, turning the key, lifting the latch, or resort to other slight physical force is sufficient to constitute [breaking] of the crime of burglary." <u>Id.</u> Wade told a victim that he entered through the basement door, a victim testified that the basement door is normally locked, Wade possessed tools commonly used in burglaries, the bedroom door was closed during sleeping hours, and Wade entered the bedroom via the bedroom door that was normally closed and locked. The trial court gave weight to the credibility of the prosecution's witnesses, investigators and victims, over the defense witnesses, two people with multiple felony convictions. <u>See</u> <u>Marshall v. Lonberger</u>, 459 U.S. 422, 434 (1983) (stating federal habeas review does not redetermine the credibility of witnesses). Therefore, Wade fails to establish that the evidence was insufficient to sustain his conviction or the Court of Appeals violated due process by affirming his conviction. Accordingly, Wade's petition for a writ of habeas corpus is dismissed.

### III.

For the foregoing reasons, the court grants the respondent's motion to dismiss, denies Wade's motion for summary judgment, and dismisses Wade's petition for a writ of habeas corpus.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the petitioner and counsel of record for the respondent.

**ENTER**: This 2-nd day of February, 2009.

*/s/ James C. Turk*
Senior United States District Judge

6

Case 7:08-cv-00482-JCT-mfu   Document 24   Filed 02/02/09   Page 6 of 6   Pageid#: 137